Chucuri-Carguachi v. Bondi

BIA
Gundlach, IJ
A220 605 192 & 220 957 343/342

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of November, two thousand twenty-five.

PRESENT:
>    DENNIS JACOBS,
>    PIERRE N. LEVAL,
>    RAYMOND J. LOHIER, JR.,
>        *Circuit Judges.*

_____

SEGUNDO MIGUEL CHUCURI-CARGUACHI, EMIR ETHAN CHUCURI-DELGADO, ENMA VICTORIA DELGADO-BUNAY,
>        *Petitioners,*

v.                                                          **24-2**
                                                            **NAC**

PAMELA BONDI, UNITED STATES ATTORNEY GENERAL,
>        *Respondent.*

_____

**FOR PETITIONERS:** Judy Resnick, Esq., Law Office of Judy Resnick, Far Rockaway, NY.

**FOR RESPONDENT:** Brian Boynton, Principal Deputy Assistant Attorney General; Song Park, Assistant Director; Jeffrey M. Hartman, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Segundo Miguel Chucuri-Carguachi and his wife and minor child, natives and citizens of Ecuador, seek review of a December 4, 2023 decision of the BIA affirming a January 10, 2023 decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Segundo Miguel Chucuri-Carguachi, et al.*, Nos. A 220 605 192 & 220 957 343/342 (B.I.A. Dec. 4, 2023), *aff'g* Nos. A 220 605 192 & 220 957 343/342 (Immig. Ct. N.Y. City Jan. 10, 2023). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005). We review fact-finding

2

"under the substantial evidence standard" and questions of law and the application of law to fact de novo. *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

As the Government points out, Petitioners' challenges to the dispositive bases for the agency's denial of relief are either abandoned or unexhausted.[1]

First, Petitioners have abandoned the agency's nexus finding by failing to meaningfully challenge it in their brief. *See Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) ("We consider abandoned any claims not adequately presented in the appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment." (quotation marks omitted)). An applicant for asylum and withholding of removal has the burden to establish that a protected ground was or will be "one central reason" for the harm suffered or feared. 8 U.S.C. § 1158(b)(1)(B)(i); *Quituizaca v. Garland*, 52 F.4th 103, 109–14 (2d Cir. 2022) (holding

---

[1] We note that Petitioners' brief does not fully comply with Federal Rule of Appellate Procedure 28. The argument section of the brief does not include record citations, and the issues, such as the dispositive nexus issue, are briefed either not at all or in a wholly conclusory manner. Counsel is cautioned that future briefing deficiencies may result in dismissal without consideration of the merits and in disciplinary proceedings.

3

the "one central reason" standard applies to both asylum and withholding of removal). While Petitioners reference the agency's adverse nexus finding and include boilerplate legal standards, they argue only that gang members targeted the family, without addressing what the gang members' motivation was or citing record evidence to support a claim that the gang targeted them because of a protected ground. They cite to *Matter of L-E-A-*, 28 I. & N. Dec. 304 (A.G. 2021), in which the BIA held that immediate family could be a particular social group but found no nexus between the alleged harm and family membership. But their passing reference to that decision does not preserve a challenge to the nexus finding, as the agency relied on the applicable nexus standard to deny relief.[2]

---

[2] Even if preserved, substantial evidence supports the agency's determination that that there was no nexus to the particular social group of "small business owners seeking to protect their businesses and their families." *See Quintanilla-Mejia v. Garland*, 3 F.4th 569, 591 n.25 (2d Cir. 2021) (reviewing nexus determination for substantial evidence). "Whether the requisite nexus exists depends on the views and motives of the persecutor." *Paloka v. Holder*, 762 F.3d 191, 196–97 (2d Cir. 2014) (quotation marks omitted). An applicant "must provide *some* evidence . . . direct or circumstantial" to establish the persecutor's motive. *INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992). As Petitioners assert, country conditions evidence shows violence by gangs in Ecuador; however, harm resulting from "general crime conditions" does not constitute persecution on account of a protected ground. *Melgar de Torres v. Reno*, 191 F.3d 307, 314 (2d Cir. 1999); *see also Quituizaca*, 52 F.4th at 115 (concluding that the "evidence established the greater probability that the gang was motivated to harm [petitioner] based on incentives presented to ordinary criminals" (quotation marks omitted)). And the lead petitioner assumed

4

Second, Petitioners have abandoned any challenge to the agency's denial of CAT relief by failing to address it in their brief. *Debique*, 58 F.4th at 684.

Finally, Petitioners did not raise before the agency and thus failed to exhaust their arguments that the IJ engaged in impermissible bias and speculation and denied them due process, or that they are entitled to humanitarian asylum. *See Ud Din v. Garland*, 72 F.4th 411, 419–20 & n.2 (2d Cir. 2023) (explaining issue exhaustion is not jurisdictional but mandatory when the Government raises it); *accord Vera Punin v. Garland*, 108 F.4th 114, 124 (2d Cir. 2024) ("[W]hen an argument made to this Court cannot be closely matched up with a specific argument made to the BIA, it has not been properly exhausted and we cannot hear it.").

For the foregoing reasons, the petition for review is DENIED. All pending

---

that the gang members wanted his store and property for their own illicit activities. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 (2d Cir. 2005) (explaining that an "applicant must . . . show, through direct or circumstantial evidence, that the persecutor's motive to persecute arises from the applicant's" protected characteristic); *Ucelo-Gomez v. Mukasey*, 509 F.3d 70, 73 (2d Cir. 2007) (distinguishing between harm inflicted "because of . . . class status" and harm inflicted "because that's where the money is"). The record does not suggest that gang members had motives other than to procure money and property to further the gang's enterprise. *See Paloka*, 762 F.3d at 196–97; *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 157–58 (2d Cir. 2008) ("[W]hen a petitioner bears the burden of proof, h[er] failure to adduce evidence can itself constitute the 'substantial evidence' necessary to support the agency's challenged decision.").

motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court